**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LINDA CONE SELENSKY** | : | |
| Plaintiff, | : | |
| v. | : | **CIVIL ACTION 08-0173-WS-C** |
| **STATE OF ALABAMA** | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Mobile County, Alabama proceeding *pro se*, filed a self-styled complaint (Doc. 1) together with a motion to proceed without prepayment of fees (Doc. 2). Plaintiff's motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. §636(b)(1)(A) and Local Rule 72.2(c)(1).[1] Because plaintiff seeks leave to proceed under 28 U.S.C. §1915 by filing a motion to proceed without prepayment of fees, the Court is required to screen plaintiff's complaint under 28 U.S.C. §1915(e)(2)(B). This section requires the dismissal of an action filed by a person who did not pay the filing fee and seeks to proceed *in forma pauperis* when the action is frivolous, fails to state a claim upon which relief can be granted, or seeks

---

[1] Local Rule 72.2(c)(1) provides:
   Non-dispositive Pretrial Matters. All civil actions shall be automatically referred for the purpose of conducting a pretrial conference and the entry of a Fed.R.Civ.P. 16(b) scheduling order. The referral shall also be for the purpose of hearing and determining all non-dispositive motions.

monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B)(i-iii).   *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying §1915(e) to non-prisoner actions).[2]

This action is related to a previous action, *Selensky v. Mobile Infirmary,* CA 06-0217-WS-M (S.D. Ala. June 12, 2006) (Doc.1), filed by plaintiff in connection with an on-the-job injury in 1999 for which she sought workers' compensation benefits in state court.  In her prior action, the complaint was deficient because it did not provide a jurisdictional basis with supporting facts and did not contain a short and plain statement showing that she was entitled to relief.  (Doc. 4 at 3).  She was given several opportunities to amend the complaint to correct the noted deficiencies, and she was given the *Pro Se Litigant Guide* to assist her.  (Doc. 11).  Plaintiff filed responses to the Court's orders, with the last one being found to be a "jumbled, largely inscrutable document" consisting of 63 pages. *Id.* at 2.  Her  attempts to amend "failed to state a substantial, nonfrivolous federal cause of action that might support subject matter jurisdiction under 28 U.S.C. §1331." (*Id* at 4).  Furthermore, the court found that her "filings... always made abundantly clear that [her] case [was] about alleged medical malpractice, fraud, missrepresentation, and allegedly improper or unfair Workers' Compensation proceedings."  (*Id.* at 3).  Accordingly, the Court dismissed her action for failure to establish subject matter jurisdiction. (*Id.* at 4).  The

---

[2]  Plaintiff's motion to proceed without the prepayment of fees (Doc. 2) is **GRANTED**.

decision of the district court was affirmed by the Eleventh Circuit Court of Appeals, which found that neither complete diversity of citizenship nor a substantial issue of federal law were shown on the face of the complaint. (Doc. 25).

Presently, it appears that the plaintiff has again failed to comply with the pleading directives given her in her prior action and to establish this Court's subject matter jurisdiction over her present action. Her new complaint states that her claim "[has] merit and is not frivolous and the jurisdiction is proper" in this Court (Doc. 1 at 2) with no factual basis to support these assertions. After review of the complaint (Doc. 1), it is recommended that, prior to service of process, this action be dismissed with prejudice for lack of subject matter jurisdiction, or, in the alternative, dismissed with prejudice as frivolous under 28 U.S.C. §1915(e)(2)(B)(i).

**I. Findings of Fact.**

Plaintiff filed suit in this Court against the defendant State of Alabama on April 2, 2008 (Doc. 1). The complaint reads as follows:

> MISTAKES MADE WITHIN JUDICIAL PROCESS, ETHICS VIOLATIONS, AND FRAUDULENT MISREPRESENTATION.
>
> This was originally a Workers' Compensation Case, appealed to all the courts in Mobile and Montgomery, Alabama and to the United States Supreme Court twice….
>
> COMPLAINT:
>
> Rule 60 of Civil Procedure, Mistake, Fraud and Misrepresentation. Relief from Judgment or Order. This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgement (or such

3

> additional time as given by Tit. 7, sections 36 and 42 Code of Ala.) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. District Court, Rule 60 applies in district courts.
>
> Judge Ferrill McRae issued an order for me to repay the sum of $17,133.81, I received as a settlement from my Workers' Comp. Claim, to set aside the final judgment. After I paid the money to the court in good faith the judge recused himself, because he didn't want to show any impropriety toward the defendant. What about impropriety toward me. I did exactly as the judge ordered.
>
> Your Honor, my case does have merit and is not frivolous and the jurisdiction is proper in your court. The wrongdoers not only with-held [sic] information regarding my injury, but also hid the underhanded methods that were used to get me to sign the agreement under duress. The position the courts took should embarrass them, not me. I pray for a positive solution that will benefit not just me, but others who have been hurt as well.

(Doc. 1 at 2 – 3).

**II. Conclusions of Law.**

A federal court is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, ... and the burden of establishing the contrary rests upon the party asserting jurisdiction, ...." *Id.* (citations omitted). A plaintiff invoking a federal court's jurisdiction must establish this jurisdiction in the complaint. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (requiring that not only must the jurisdictional provision be stated in the complaint, but facts "demonstrating the existence of jurisdiction" must be stated); *Kirkland Masonry, Inc. v. Comm'r*, 614 F.2d

532, 533 (5th Cir. 1980) (same).³ Furthermore, a complaint fails to invoke the Court's jurisdiction when the complaint "is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 341-42 (5th Cir.) (quoting *Bell v. Hood*, 327 U.S. 678, 681-82, 66 S.Ct. 773, 776 (1946)), *cert. denied*, 436 U.S. 946 (1978).

In the present action plaintiff did not specify a jurisdictional basis for her action, nor did she plead facts that would reflect a federal cause of action. In fact, plaintiff's allegations indicate that the Court does not have subject matter jurisdiction over her action.

Plaintiff referred to Rule 60 of the Alabama Rules of Civil Procedure, as best the Court can determine, because Alabama's Rule 60(b) allows "a court to entertain an independent action within a reasonable time not to exceed three (3) years after entry of a judgment… to relieve a party from judgment…." Ala.R.Civ.P. 60(b). It also states that it "applies in the district courts." Ala.R.Civ.P. 60(dc). This language of Alabama's Rule 60 is used in plaintiff's allegations. Whereas, Rule 60 of the Federal Rules of Civil Procedure, under which this Court functions, does not contain the same or similar language. Nevertheless, plaintiff did not specify one of the basis identified by the Alabama Rule 60 or the federal Rule 60 that would permit the Court to re-open

---

³The Eleventh Circuit in *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior ro October 1, 1981.

a prior state court judgment.

The only allegation of plaintiff that may be construed as her basis for the Rule 60 motion is "[t]he wrongdoers not only with-held [sic] information regarding my injury, but also hid the underhanded methods that were used to get me to sign the agreement under duress." (Doc. 1 at 2). Based on the state court docket sheet attached to the complaint, plaintiff's statement is directed to the state court judgment. "Under certain circumstances (federal) Rule 60 allows a party to move the rendering court for relief from its federal judgment. It does not allow a federal court to relieve a party from judgment rendered by a state court." *O'Diah v. Real Estate Store*, 1993 WL 326660, at *4 (N.D. Ill. Aug. 25, 1993) (unpublished).

Because plaintiff has failed to present a motion or action pursuant to Rule 60 of the Federal Rules of Civil Procedure, the Court finds that this lawsuit is an independent action. Therefore, this Court's subject matter jurisdiction must be established in the complaint. *Taylor*, 30 F.2d at 1367; Fed.R.Civ.P. 8(a). Plaintiff, however, has neither identified a jurisdictional basis nor provided specific facts that would support a jurisdictional basis in this Court. If plaintiff intended that federal Rule 60 provide a jurisdictional basis, the law is to the contrary. Rule 82 of the Federal Rules of Civil Procedure provides: "These rules do not extend or limit the jurisdiction of the district courts…." Fed.R.Civ.P. 82; *see Owen Equipment & Erection Co. v.*

a prior state court judgment.

The only allegation of plaintiff that may be construed as her basis for the Rule 60 motion is "[t]he wrongdoers not only with-held [sic] information regarding my injury, but also hid the underhanded methods that were used to get me to sign the agreement under duress." (Doc. 1 at 2). Based on the state court docket sheet attached to the complaint, plaintiff's statement is directed to the state court judgment. "Under certain circumstances (federal) Rule 60 allows a party to move the rendering court for relief from its federal judgment. It does not allow a federal court to relieve a party from judgment rendered by a state court." *O'Diah v. Real Estate Store*, 1993 WL 326660, at *4 (N.D. Ill. Aug. 25, 1993) (unpublished).

Because plaintiff has failed to present a motion or action pursuant to Rule 60 of the Federal Rules of Civil Procedure, the Court finds that this lawsuit is an independent action. Therefore, this Court's subject matter jurisdiction must be established in the complaint. *Taylor*, 30 F.2d at 1367; Fed.R.Civ.P. 8(a). Plaintiff, however, has neither identified a jurisdictional basis nor provided specific facts that would support a jurisdictional basis in this Court. If plaintiff intended that federal Rule 60 provide a jurisdictional basis, the law is to the contrary. Rule 82 of the Federal Rules of Civil Procedure provides: "These rules do not extend or limit the jurisdiction of the district courts…." Fed.R.Civ.P. 82; *see Owen Equipment & Erection Co. v.*

*Kroger*, 437 U.S. 365, 370, 98 S.Ct. 2396, 2400 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."). If plaintiff's position is Alabama's Rule 60 creates federal subject matter jurisdiction, it is not credible. Because the federal court's own rules do not create or withdraw subject matter jurisdiction, then certainly a state rule cannot create or withdraw federal jurisdiction.

Not only has plaintiff failed to identify a proper jurisdictional basis, she is complaining about a state court workers' compensation decision over which this Court has no jurisdiction. Plaintiff has litigated this decision through the state appellate courts and to the United States Supreme Court. (Doc. 1 at 1). However, federal district courts lack subject matter jurisdiction to review claims that were previously ruled upon by a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315 (1983); *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997). "According to the *Rooker-Feldman* doctrine, 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court].'" *Powell v. Powell*, 80 F.3d 464, 466-67 (11th Cir. 1996) (citing *Feldman*, 460 U.S. at 482, 103 S.Ct at 1315). A federal action "is neither an alternative or a compliment to the appeal of a state trial court decision to a higher state court." *Rolleston v. Eldridge*, 848 F.2d 163, 164-65 (11th Cir. 1988).

In the present action, the plaintiff appears to be seeking a review of her state workers' compensation claim on which state courts have made a decision. This Court, however, does not have jurisdiction to hear a case that has already been tried and had judgment entered by a state court. *Feldman*, 460 U.S. at 482, 103 S.Ct. at 1315. This Court is not an appeals court to which a person can appeal a state court decision. An appeal of a state court decision must be taken first to the appropriate state appellate courts and then to the United States Supreme Court, which plaintiff indicates that she has done. *Id*. The law makes no provision for bringing her claim to the federal district court after her claim has been to the United States Supreme Court. Accordingly, this Court lacks subject matter jurisdiction over this action challenging a state court decision.

In the alternative, assuming that plaintiff's claim is not a collateral attack on a state court's decision, sovereign immunity is another basis for dismissal because the sole defendant is the State of Alabama. The eleventh amendment's sovereign immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent. *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S.Ct. 3057, 3057 (1978) (ruling the eleventh amendment barred an action against the state). The two exceptions to a state's sovereign immunity are if the state has waived its immunity or Congress has abrogated the state's immunity. *Carr v. City of*

*Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama has not waived its eleventh amendment immunity. *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding Article I §14 of the Alabama Constitution prohibits Alabama from giving its consent and therefore the State of Alabama was entitled to eleventh amendment immunity); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its eleventh amendment immunity). Nor has Congress abrogated a state's eleventh amendment immunity in section 1983 claims. *Carr*, 916 F.2d at 1525 (citing *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 1147 (1979)); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. June 26, 1981). Therefore, this action is without legal merit as a matter of law and is due to be dismissed as frivolous. A claim that is frivolous fails to invoke this court's subject mater jurisdiction, *Southpark*, 565 F.2d at 341-42, and is due to be dismissed. And an action that is frivolous is also subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(i).

### III Conclusion.

For the reasons enumerated above, it is recommended that this action be dismissed with prejudice for lack of subject matter jurisdiction or, in the alternative, dismissed as frivolous, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) .

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 25th day of June, 2008.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

*MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT*

1. ***Objection.*** Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)( *en banc).* The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to

and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.